IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALAN GIBBS, | No. 2:13-CV-2631-KJM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| BOYD, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the court is plaintiff's March 23, 2016, letter (Doc. 58) in which he appears to seek leave to amend or supplement his complaint.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought,

1

the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  In this case, leave of court is required because defendants have appeared in the action.

       Plaintiff's filing is a missive against various Shasta County officials, including state court judges and law enforcement officers.  Plaintiff has not, however, demonstrated any reasonable relationship between the original complaint, in which he alleges various civil rights violations in connection with his arrest in December 2012, and his claims against Shasta County officials.  Moreover, the court finds that the contemplated amendment/supplement would delay resolution of plaintiff's claims against the arresting officers.  Finally, plaintiff has not explained why he now seeks leave to amend/supplement his complaint more than two years after this action was originally filed.  For these reasons, leave to amend/supplement will not be granted.

       Accordingly, IT IS HEREBY ORDERED that plaintiff's apparent motion for leave to amend/supplement (Doc. 58) is denied.

DATED: August 11, 2016

                                                         */s/ Craig M. Kellison*
                                                       **CRAIG M. KELLISON**
                                                       UNITED STATES MAGISTRATE JUDGE