UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALAN GIBBS, | No. 2:13-cv-02631-KJM-CMK PS |
| Plaintiff, | |
| v. | ORDER |
| BOYD, et. al, | |
| Defendants. | |

      In this action, plaintiff Robert Alan Gibbs asserts Deputy Chris Edwards violated his Fourth Amendment rights by seizing his shotgun, and that Sergeant Brian Jackson is liable for the conduct of Deputy Edwards. Because Mr. Gibbs is not represented by counsel, the case has been referred to the assigned magistrate judge for initial handling of pretrial matters. Local Rule 302. Defendants Shasta County Sheriff's Department,[1] Deputy Edwards and Sergeant Jackson (collectively "defendants") have moved for summary judgment. Mot., ECF No. 30. On March 4, 2016, the magistrate judge filed findings and recommendations, recommending the motion for summary judgment be granted for Sergeant Jackson as a matter of law, and for Deputy Edwards

---

[1] Shasta County Sheriff's Department was terminated as a party to this action on June 26, 2014. ECF No. 5.

on grounds of qualified immunity.  F&R 11–14, ECF No. 52.  On March 11, Mr. Gibbs filed objections to the magistrate judge's findings and recommendations.  Objections, ECF No. 55.

As explained below, the court adopts the magistrate judge's findings and recommendations that summary judgment be granted for both defendants.  The court, however, writes separately in response to Mr. Gibb's objections, as well as to supplement and correct the magistrate court's findings with respect to whether Deputy Edwards is entitled to qualified immunity.

I.   BACKGROUND

Mr. Gibbs filed a complaint in this court on December 18, 2013.  Compl., ECF No. 1.  Because the complaint did not specify any particular basis of liability, the magistrate judge construed the complaint to assert the following: (1) Deputy Edwards violated Mr. Gibbs' Fourth Amendment rights by seizing his shotgun,[2] and (2) Sergeant Jackson is liable under a theory of supervisory liability.  F&R at 10.  In defendants' motion for summary judgment, they argue Deputy Edwards did not violate Mr. Gibbs' Fourth Amendment rights because he seized Mr. Gibbs' gun under the community caretaking exception.  Mot. at 13.  They further argue Sergeant Jackson cannot be liable under 42 U.S.C. § 1983 for supervisory liability.  *Id.* at 17.

The magistrate judge noted defendants' motion was unopposed.  F&R at 1.  Specifically, the magistrate judge found Sergeant Jackson did not implement a constitutionally deficient policy and he could not be liable under §1983 for the actions of his supervisees.  *Id.* at 11.  As to Deputy Edwards, the magistrate judge rejected the argument that seizing Mr. Gibbs' gun was justified under the community caretaking exception to the Fourth Amendment warrant

---

[2] The magistrate judge also construed Mr. Gibbs' complaint to make a claim against Deputy Edwards for making a false report.  F&R at 10.  However, the court does not agree with this reading; Mr. Gibbs' complaint alleges Deputy Edwards's decision to charge Mr. Gibbs' with felony possession of a firearm was based not on any report Deputy Edwards made, but on an official police record indicating Mr. Gibbs was a convicted felon.  *Id.*  The police record was ultimately found to be erroneous because the felony charge had been reduced.  *See id.*  Mr. Gibbs does not allege, however, that Deputy Edwards knew the report was erroneous when he decided to charge Mr. Gibbs, or that he otherwise made a false report.  *See generally* Compl.  Further, the record shows, and Mr. Gibbs does not dispute, that aside from seizing the shotgun, Deputy Edwards had no other role in subsequent proceedings against Mr. Gibbs.  F&R at 6.

requirement. *Id.* at 12. After reviewing *Shields v. Tracy*, 2005 WL 1490300 *5 (E.D. Cal. 2009), the only in-circuit case defendants cited in support of their community caretaking defense, the magistrate judge concluded,

> *Shields* is unpersuasive. In that case, the community caretaker exception was discussed in the context of the plaintiff's claim that she had been improperly stopped and detained by the police, not that her property had been improperly seized as is plaintiff's claim in this case. Additionally, unlike the plaintiff in *Shields*, plaintiff in this case was not being detained, held in custody, or placed under arrest at the time defendant Edwards seized the shotgun. Defendants have not cited any Ninth Circuit authority supporting the proposition that a community caretaker exception applies to seizures of property occurring under the circumstances presented in this case.

*Id.* The magistrate judge also noted searches under the community caretaking exception are generally limited to vehicles, and that no Ninth Circuit case has held the community caretaking exception applies to facts analogous to those of Mr. Gibbs' case, which included a search of Mr. Gibbs' person and not his vehicle. *Id.* at 13. In the absence of Ninth Circuit case law, the magistrate judge held Deputy Edwards was entitled to qualified immunity because it was not "clearly established" the community caretaking exception did not apply to the facts of this case. *Id.* The magistrate judge granted summary judgment as to Deputy Edwards. *Id.*

Mr. Gibbs makes three objections to the magistrate judge's conclusions: (1) the magistrate judge should not have concluded defendants' motion was unopposed, and in any event, Mr. Gibbs requests a continuance because he was incarcerated on September 11, 2015; (2) the magistrate judge's conclusion as to Sergeant Jackson is erroneous; and (3) the conclusion as to Deputy Edwards is erroneous. *See generally* Objections. Additionally, Mr. Gibbs requests leave to join the County of Shasta and the District Attorney of Shasta as defendants to this action. *Id.* at 1.

In response, defendants contend: (1) the magistrate judge rightly concluded the motion was unopposed, for Mr. Gibbs' September 11, 2015 incarceration had no bearing on Mr. Gibbs' ability to oppose defendants' motion filed on August 5, 2015, and Mr. Gibbs' request for continuance is untimely; (2) Mr. Gibbs has not adequately shown how the magistrate judge's findings are erroneous as to Sergeant Jackson; and (3) Mr. Gibbs has not adequately shown how

the magistrate judge's findings are erroneous as to Deputy Edwards.  *See generally* Response, ECF No. 56.  As to Mr. Gibbs' requested leave to amend, defendants contend the request should be rejected as untimely.  *Id.* at 2.

II.     STANDARD OF REVIEW

On a review of a magistrate judge's findings and recommendations, this court undertakes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  As this language makes clear, the court need not "review, de novo, findings and recommendations that the parties themselves accept as correct."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  When reviewing the findings and recommendations, the court presumes any findings of fact not objected to are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

III.    DISCUSSION

As a preliminary matter, the court notes neither party has alerted the court to errors in the magistrate judge's factual findings.  The court therefore adopts the findings in full.  *Orand*, 602 F.2d at 208.

A.      Objection to Magistrate Judge's Finding of Non-Opposition

Mr. Gibbs objects to the magistrate judge's finding that defendants' motion for summary judgment was unopposed, and requests a continuance of the hearing date on this motion.  *See* Objections at 1.  Mr. Gibbs contends his objection and request is justified because of his incarceration in the Shasta County jail since September 11, 2015.  *Id.*  Defendants argue Mr. Gibbs' incarceration is irrelevant, because his opposition was due before his arrest.  Response to Objections, ECF No. 56 at 2.  While defendants do not specify which date Mr. Gibbs' opposition was due, the court notes Mr. Gibbs' opposition was due by August 26 for the hearing on defendants' motion for summary judgment, which was set for September 9.  *See* E.D. Cal. L.R. 230 (opposition to motion due fourteen days before hearing); *see also* ECF No. 30 (setting law and motion hearing date for September 9, 2015).

1      The court agrees with defendants in concluding Mr. Gibbs' incarceration is not
2 relevant to determining whether the magistrate judge rightly concluded the motion was
3 unopposed.  First, defendants' motion for summary judgment was filed on August 5, 2016, over
4 one month before Mr. Gibbs was incarcerated.  Additionally, Mr. Gibbs was served at the address
5 on file on August 5, the same day defendants' motion was filed with this court.  ECF No. 35.  To
6 the extent Mr. Gibbs changed his address or place of residency, he was under a continuing duty to
7 notify the Clerk and all other parties of this change.  E.D. Cal. L.R. 182(f).  Because Mr. Gibbs
8 did not formally file his change of address until February 29, 2016, ECF No. 50, service of
9 documents at the prior address was deemed effective.  E.D. Cal. L.R. 128(f).   Moreover, as noted
10 above, Mr. Gibbs' opposition to defendants' motion was due by August 26, 2015, allowing him
11 to respond to defendants' motion for summary judgment over two weeks before he was
12 incarcerated.

13     Requests for continuances of hearing dates must be made at least seven days
14 before the scheduled hearing date.  E.D. Cal. L.R. 230(f).  As noted above, the hearing date for
15 defendants' motion for summary judgment was set before the magistrate judge for September 9,
16 2015, two days before Mr. Gibbs' custodial arrest.  *See* ECF No. 30.  Mr. Gibbs did not request a
17 continuance of the hearing date until February 29, 2016, long after the date had passed.  *See* ECF
18 No. 50.  Mr. Gibbs' request for continuance is untimely and the motion is deemed unopposed.
19 Nonetheless, out of an abundance of caution, the court considers the merits to Mr. Gibbs'
20 remaining objections, as discussed below.

21     B.    Objection to Recommendation Regarding Sergeant Jackson

22     The magistrate judge determined Sergeant Jackson could not be held liable under
23 § 1983 for the actions of his supervisees, and because there was no showing that he implemented
24 a constitutionally deficient policy.  F&R at 12.  Mr. Gibbs objects to these findings, contending
25 the claim against Sergeant Jackson is based on "his own conduct" and not simply as Deputy
26 Edwards' supervisor.  Objections at 3.

27     In support of his argument, Mr. Gibbs reiterates the allegations made in his
28 complaint, asserting Sergeant Jackson was very rude to him and refused to investigate Deputy

Edwards' actions.  Mr. Gibbs has not presented any additional allegations, facts, or evidence supporting a colorable claim based on supervisory liability against Sergeant Jackson.  After an independent review, the court further concludes nothing shows Sergeant Jackson individually engaged in any constitutional violation.  The magistrate judge's recommendations as to Sergeant Jackson are adopted in full.

C. Objection to Recommendations Regarding Deputy Edwards

The magistrate judge determined Deputy Edwards did not adequately contend the community caretaker exception to the Fourth Amendment warrant requirement excused seizing Mr. Gibbs' gun without a warrant because all cases cited to discussed searches under the community caretaker exception to vehicles, and the facts in Mr. Gibbs' case involved a search of his person. F&R at 13.  Nonetheless, the magistrate judge determined Deputy Edwards was entitled to qualified immunity because the application of the community caretaking exception to the facts of this case was not "clearly established" at the time of Deputy Edwards' seizure. *Id.* Mr. Gibbs objects, contending Deputy Edwards' seizure violated clearly established law of which a reasonable person would have been aware.  Objections at 2.

A government official such as Deputy Edwards may be entitled to qualified immunity insofar as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The qualified immunity test is two-fold.  Under the first prong, the court considers whether the facts, taken in the light most favorable to plaintiff, show defendant's conduct violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Under the second prong, the court determines whether the constitutional right was "clearly established."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).   In determining whether a constitutional or statutory right was "clearly established," the touchstone question is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009) ( "[T]he . . . question in this case is, was the law such that it should have been clear to [the officer] that he was required in the situation he confronted to give pre-deprivation and post-deprivation notice to an absent father.").  Courts in their sound discretion can address the two

1    prongs in any order.  *Pearson*, 555 U.S. at 236.  If the court concludes defendants are entitled to
2    qualified immunity, it need not consider whether defendants violated the right in the first
3    instance.  *See id.* at 244 (holding defendant officers are entitled to qualified immunity without
4    revolving constitutional issue).

5            In their motion for summary judgment, defendants sought to establish the
6    community caretaking exception justified seizing Mr. Gibbs' shotgun.  Mot. at 18.  The
7    magistrate judge concluded this novel defense was meritless, for it had no support in case law.
8    F&R at 12.  Nonetheless, the magistrate judge stated the absence of any authority supporting the
9    application of the community caretaker exception to the facts meant Deputy Edwards did not
10   violate "clearly established . . . constitutional rights of which a reasonable person would have
11   known."  F&R at 13 (citing *Pearson*, 555 U.S. at 231).  This statement does not accurately reflect
12   the required qualified immunity analysis; the invention of a meritless exception does not entitle a
13   defendant to qualified immunity.  Officer Edwards is not entitled to qualified immunity based on
14   this reasoning.

15           The qualified immunity question, however, does not ask whether it would be clear
16   to an officer that a specific defense would justify his conduct, but whether "his conduct was
17   unlawful in the situation he confronted."  *Brittain v. Hansen*, 451 F.3d 982, 988 (9th Cir. 2006).
18   The answer to this question entitles Deputy Edwards to qualified immunity.

19           Because the court finds no Supreme Court precedent clearly on point, it looks to
20   the Ninth Circuit for application of "clearly established law."  *See Pearson*, 555 U.S. at 244–45
21   (looking to circuit court decisions to inform its qualified immunity analysis).  In *United States v.*
22   *Orman*, the Court of Appeals for the Ninth Circuit held no Fourth Amendment violation occurred
23   when, following a consensual encounter, an officer seized a person's weapon upon reasonable
24   suspicion that the person was armed and where the seizure was effected for safety purposes.  486
25   F. 3d 1170, 1175–77 (9th Cir. 2007).  In *Orman*, the officer asked for and received consent to
26   approach the plaintiff after hearing he had brought a gun into a shopping mall.  *Id.* at 1176.  The
27   officer's reasonable suspicion rose to certainty after the plaintiff confirmed he was carrying a gun.
28   *Id.*  Because the officer's eventual retrieval of the gun was designed to protect the officer's safety

1   and the safety of shoppers, the Ninth Circuit held the officer's "seizure . . . was not contrary to the
2   Fourth Amendment." *Id.* at 1177.
3       Here, the undisputed material facts show Deputy Edwards' encounter with Mr.
4   Gibbs was consensual.  Deputy Edwards encountered Mr. Gibbs in response to a request to
5   transport Mr. Gibbs to Motel 6.  F&R at 2.  The undisputed facts show at the time of the
6   encounter, upon seeing Mr. Gibbs with a shotgun and three dogs, Deputy Edwards had safety
7   concerns about Mr. Gibbs, who appeared unstable.  *Id.* at 6.  These facts taken together, when
8   considered in light of *Orman*, convince the court Deputy Edwards' seizure was reasonable.
9   Deputy Edwards is entitled to qualified immunity.
10      D.   Requested Leave for Joinder
11      Mr. Gibbs requests leave to join Shasta County and the District Attorney of Shasta
12  County, contending when he first filed the action on December 18, 2013, the County civil clerk
13  erroneously informed him that "entities" could not be sued.  Objections at 1.  Notwithstanding
14  whether Mr. Gibbs properly characterizes the District Attorney of Shasta County as an entity, this
15  argument is not properly before this court, and is hereby disregarded.  *See* E.D. Cal. L.R. 302
16  (c)(21) (Magistrate judges shall perform all actions in which all the plaintiffs or all the defendants
17  are proceeding in *in propria persona*, including dispositive and non-dispositive motions and
18  matters).
19  IV.   CONCLUSION
20      The findings and recommendations are ADOPTED as clarified here and to the
21  extent consistent with this order.  Sergeant Jackson's and Deputy Edward's motion for summary
22  judgment is GRANTED.
23      This order resolves ECF No. 30.
24      IT IS SO ORDERED.
25  DATED: September 30, 2016.

_____
UNITED STATES DISTRICT JUDGE