1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT ALAN GIBBS,                        No.  2:13-cv-2631 KJM-CMK

12                    Plaintiff,

13          v.                                  ORDER

14   BOYD, et. al.,

15                    Defendants.

16

17

18          This matter is before the court on a review of the magistrate judge's findings and

19   recommendations.  Plaintiff, who is proceeding pro se, filed this civil rights action on December 18,

20   2013, seeking relief under 42 U.S.C. § 1983.  ECF No. 1.  The matter was referred to a United States

21   magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On December 18,

22   2015, defendant Brian Boyd and defendant DeWayne Little (collectively, "defendants") filed a

23   motion for summary judgment with the magistrate judge, arguing plaintiff's arrest and the entry into

24   his home was not a Fourth Amendment violation, as a matter of law.  ECF No. 43.[1]  Plaintiff filed

25   no opposition.  On September 9, 2016, the magistrate judge filed the pending findings and

26

27          [1] Findings and recommendations on a separate motion for summary judgment filed by other
     defendants in this action are pending before this court.  ECF No. 52.

28

1

1    recommendations in which he recommends granting defendants' motion.  ECF No. 67.  The findings

2    and recommendations were served on the parties, with a notice that any objections to the findings

3    and recommendations must be filed within fourteen days.  On September 19, 2016, plaintiff filed

4    timely objections, which brought the matter before this court.  In accordance with 28 U.S.C.

5    § 636(b)(1)(C) and Local Rule 304, this court conducted a *de novo* review of the case.  For the reasons

6    discussed below, the court declines to adopt the findings and recommendations and refers the matter

7    back to the magistrate judge for further analysis.

8         I.       BACKGROUND

9              A.  Service of Defendants' Motion for Summary Judgment

10             In plaintiff's objections to the magistrate judge's findings and recommendations,

11   plaintiff contends he was not properly served with defendants' motion for summary judgment.

12   Defendants' motion is accompanied by a certificate of service attesting plaintiff was served with the

13   motion on December 18, 2015 at P.O. Box 686, Shasta, California, which plaintiff acknowledges was

14   his address of record at the time.  The findings and recommendations correctly conclude defendants

15   properly served the motion on plaintiff's address of record, though the findings and recommendations

16   themselves recite an incorrect address.  *See* ECF No. 1 at 2.  Thus, contrary to plaintiff's assertion and

17   despite the error in the findings and recommendations, defendants' motion was properly served.  The

18   court thus turns to the magistrate judge's findings and recommendations on the substance of

19   defendants' motion.

20             B.  Relevant Factual Background

21             The facts the magistrate judge's findings and recommendations rely on are

22   incomplete.  The court here reviews in summary fashion the key facts it has gleaned from the

23   plaintiff's complaint, interrogatory responses in the record, defendants' motion for summary

24   judgment and attached exhibits, and plaintiff's objections to the findings and recommendations.

25             On December, 23, 2012, plaintiff's car was stuck in snow on the highway so he called

26   the Shasta Sherriff's Department for help.  Deputy Edwards and Sgt. Jackson responded and found

27   plaintiff walking down the highway with a shotgun.  According to Deputy Edwards' report, plaintiff

28   seemed mentally unstable and angry.  After dropping plaintiff off at a Motel 6 (as plaintiff requested),

2

1   Deputy Edwards took plaintiff's shotgun for safekeeping, over plaintiff's objection.  Deputy Edwards

2   later ran plaintiff's criminal background using the standardized database known as CLETS and saw

3   the database reflected plaintiff had a prior felony conviction, which meant plaintiff had been a felon

4   in possession of a weapon; a violation of California law.

5          Deputy Edwards filed a report with the District Attorney, who then filed criminal

6   charges against plaintiff for being a felon in possession of a weapon, and a warrant was issued for his

7   arrest.  Within days of the seizure of his gun, plaintiff informed Sgt. Jackson and employees at the

8   District Attorney's office that plaintiff did not have a felony on his record; the conviction at issue was

9   a "wobbler" that had been reduced to a misdemeanor.  Plaintiff claims he faxed over documents that

10  prove his conviction was a misdemeanor, but Sgt. Jackson contends the documents were unclear.

11         More than three months later, on March 8, 2013, Fish and Game Wardens Boyd and

12  Little executed the Shasta County warrant at plaintiff's home and arrested him.  Little and Boyd

13  initially sought to contact plaintiff about a complaint that he was involved in "illegal streambed

14  alteration," but then discovered the warrant for his arrest and chose to execute it.  After his arrest,

15  plaintiff spent three days in jail and then posted bail.  The felon in possession charge was dropped at

16  arraignment.  Plaintiff now alleges Sgt. Jackson, Deputy Edwards, Wardens Boyd and Little, and the

17  Shasta County Sheriff's Department violated his constitutional rights.

18  II.     REVIEW OF THE FINDINGS AND RECOMMENDATIONS

19         This court conducted a *de novo* review of the case, as required under 28 U.S.C.

20  § 636(b)(1)(C) and Local Rule 304.  Having carefully reviewed the entire file, the court finds the

21  magistrate judge's findings and recommendations do not provide sufficient analysis for this court to

22  conclude they survive the required review.

23         Plaintiff did not file an opposition to the motion for summary judgment.  The findings

24  and recommendations are therefore based on portions of plaintiff's verified complaint and evidence

25  defendants provided.[2]  In framing plaintiff's claims, the findings and recommendations do not

26         [2] Plaintiff's complaint is signed under penalty of perjury.  ECF No. 1 at 2.  Therefore, the
    complaint "may be used as an opposing affidavit" on this summary judgment motion to the extent it
27  is "based on personal knowledge and set[s] forth specific facts admissible in evidence."  *Schroeder v.*
    *McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).
28

1    adequately incorporate relevant allegations from plaintiff's complaint, and consequently provide an

2    incomplete analysis.  The findings and recommendations summarily conclude plaintiff's claims are

3    based on an unlawful arrest and search of his home, and then go on to conclude the arrest was proper

4    because it was done in reliance on a "facially valid warrant."  However, the findings and

5    recommendations omit relevant parts of plaintiff's complaint that cast doubt on the facial validity of

6    the warrant and the reasonableness of defendants' reliance on it.  On page four of the complaint,

7    plaintiff asserts he was charged with being a felon in possession of a gun, even though he was not a

8    felon when he possessed the gun.  This invalid charge then led to the issuance of an arrest warrant for

9    a crime plaintiff did not commit.  Plaintiff outlines his efforts to communicate the error to both the

10   Shasta Sheriff's Department and the District Attorney's office.  The record also demonstrates there

11   was a three month lapse between the issuance of this arrest warrant and its execution, during which

12   the invalid basis for the warrant was never addressed, despite plaintiff's efforts.  Lastly, the record

13   shows plaintiff's "felon in possession" charge was dropped at arraignment.

14          Based on these facts, the court finds there may be a triable issue over the validity of

15   plaintiff's arrest warrant and the reasonableness of plaintiff's arrest.  At a minimum, the question

16   requires further analysis to properly resolve defendant's motion.  Additionally, Warden Boyd and

17   Warden Little's claim of additional reasons for entering plaintiff's property, independent of the arrest

18   warrant, does not merit short-circuiting the analysis.  Accordingly, the court refers the matter back to

19   the magistrate judge for further analysis and explanation.

20          Furthermore, despite plaintiff's failure to timely oppose defendants' motion for

21   summary judgment, the court exercises its discretion to grant plaintiff additional time to do so.  *See*

22   Fed. R. Civ. P. 56(e) ("if a party fails to properly support an assertion of fact or fails to properly

23   address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an

24   opportunity to properly support or address the fact . . .; or (4) issue any other appropriate order.")  In

25   this circuit, courts extend leniency towards pro se litigants that violate technical or procedural rules.

26   *See e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Draper v. Coombs*, 792 F.2d 915, 924

27   (9th Cir.1986).  Thus, in the interest of justice, and considering plaintiff's pro se status, the court

28   grants plaintiff an additional thirty (30) days to file an opposition to defendants' motion, and to

4

1    include relevant evidence.  Defendants will then have seven (7) days to file a reply to plaintiff's

2    opposition.

3            Accordingly, IT IS HEREBY ORDERED that:

4        1.   The findings and recommendations filed September 9, 2016, are not adopted; and

5        2.   The matter is referred back to the magistrate judge for further proceedings consistent with

6             this Order.

7        3.   This Order resolves ECF No. 67.

8    DATED:  September 30, 2016.

9

10

11                                              UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28