# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALAN GIBBS, | No. 2:13-CV-2631-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| BOYD, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On December 18, 2015, Brian Boyd and DeWayne Little ("Defendants") officers with the Department of Fish and Wildlife ("DFW") filed a motion for summary judgement. ECF No. 43 at 7. Plaintiff did not file an opposition. On September 9, 2016, the magistrate judge filed findings and recommendations. ECF No. 67 at 9. On September 30, 2016 this court declined to adopt the findings and recommendations. ECF No. 73 at 2. The court was concerned there may be "a triable issue over the validity of plaintiff's arrest warrant and the reasonableness of plaintiff's arrest." ECF No. 73 at 4. On December 4, 2017 the magistrate judge filed amended findings and recommendations recommending that the court grant defendants' motion for

1

summary judgment in full.  ECF No. 86.  Plaintiff filed timely objections.  ECF No. 88.  On December 20, 2017, defendants filed a response to plaintiff's objections.  ECF No. 92.

In accordance with the provisions of 28 U.S.C. §636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case.  After a review of the file, it is unclear to the court whether plaintiff's § 1983 claim is cognizable given the pending state court actions outlined in the Declaration of Brian Boyd in Support of Motion for Summary Judgment.  ECF No. 44 at 4-6 ("Based on the violations that I found . . . . Shasta County is prosecuting these criminal misdemeanor charges against Plaintiff in a pending State Court action entitled *People v. Gibbs*, Case Number MCRDCR-M-13-0004757-002.").  The Supreme Court held in *Heck v. Humphrey*, that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus."  512 U.S. 477, 486-87 (1994) (citation omitted).  Neither party has adequately addressed this issue in their briefings, and more information is required for the court to render a decision on defendants' pending motion for summary judgment.

The parties are DIRECTED to file supplemental briefing that addresses at a minimum (1) whether a state criminal case arose from the search and arrest challenged in this matter, (2) the status of that state case, (3) the outcome of that case, if it has been adjudicated, and (4) the applicability of *Heck v. Humphrey* to plaintiff's § 1983 claim in light of any state case.

Accordingly, IT IS HEREBY ORDERED that:

1. The amended findings and recommendations filed Dec. 4, 2017 are not adopted.
2. The parties shall file supplemental briefing not to exceed ten (10) pages within fourteen (14) days.

DATED:  October 1, 2018.

_____
UNITED STATES DISTRICT JUDGE

2