IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALAN GIBBS, | No. 2:13-CV-2631 KJM DMC |
| Plaintiff, | |
| v. | ORDER |
| BOYD, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, brings this § 1983 action for violations of his Fourth Amendment rights. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules, and is now back before this court on amended findings and recommendations as discussed below. *See* Findings & Recommendations ("Findings"), ECF No. 86.

I. BACKGROUND

On December 18, 2015, Brian Boyd and DeWayne Little ("defendants"), officers with the Department of Fish and Wildlife ("DFW"), filed a motion for summary judgement. ECF No. 43 at 7. Plaintiff filed no opposition. On September 9, 2016, the magistrate judge filed findings and recommendations, recommending that defendants' motion for summary judgment be granted. ECF No. 67 at 9. On September 30, 2016, this court declined to adopt the findings and

recommendations and referred the matter back to the magistrate judge. ECF No. 73. On December 4, 2017, the magistrate judge filed the amended findings and recommendations recommending that defendants' motion for summary judgment be granted in full. ECF No. 86. Plaintiff filed timely objections, and defendants responded. ECF Nos. 88, 92. After reviewing the objections, the court ordered supplemental briefing on the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), to plaintiff's § 1983 claims, given the state criminal case pending at the time against plaintiff. Order, ECF No. 96. The parties submitted additional briefing on the subject. ECF Nos. 97, 99. On December 14, 2018, defendants submitted additional supplemental briefing notifying the court that the state criminal case had been resolved, and the Fish and Game violations that raised potential *Heck v. Humphrey* concerns in this case had been dismissed by the District Attorney. Second Supp'l Briefing, ECF No. 101 at 1. Plaintiff has not filed anything in response to this most recent supplemental briefing.

In accordance with the provisions of 28 U.S.C. §636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. After reviewing the record and the supplemental briefing, the court adopts the magistrate judge's recommended grant of summary judgment on plaintiff's unreasonable arrest claim based on qualified immunity and also on plaintiff's unreasonable search claims related to his home, Findings, ECF No. 86 at 10, 15–16, but clarifies the reasoning for these rulings below. Further, in light of the criminal case's resolution, the court finds the *Heck* bar no longer precludes consideration of plaintiff's claim regarding the search of his land; the court now adopts the magistrate judge's recommendation to grant summary judgment on this claim. The court otherwise declines to adopt the magistrate judge's findings and recommendations, although the order below reaches the same result as he recommended.

II. DISCUSSION

    A. Plaintiff's Claim for Unreasonable Arrest

        1. *Heck v. Humphrey* Application

The parties appear to agree that plaintiff's claim challenging his arrest was never barred by *Heck v. Humphrey* because the arrest at issue was based on an arrest warrant, not for

2

the misdemeanors that were at issue in the state case. Defs.' Supp'l Briefing ("Defs.' Brief"), ECF No. 99 at 3 ("Mr. Gibbs has a point that the *Heck bar* does not apply where he is limiting his § 1983 claim to his arrest based [sic] what he deems to be an invalid arrest warrant."). With this clarification, and in light of dismissal of the state case, the court will not dismiss the unreasonable arrest claim on *Heck* grounds.

### 2. Qualified Immunity

As the magistrate judge finds, defendants are entitled to qualified immunity because the record supports the conclusion that they reasonably believed the arrest warrant was valid, and executed the arrest of plaintiff in reliance on the warrant. "An apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances. Such circumstances include, but are not limited to, other information that the officer possesses or to which he has reasonable access, and whether failing to make an immediate arrest creates a public threat or danger of flight." *Littlefield v. Viveros*, No. 1:06cv1530 OWW DLB, 2007 WL 4284864, at *3 (E.D. Cal. Dec. 5, 2007) (quoting *Berg v. Cty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000)), *adopted by* No. 1:06cv1530 OWW DLB, 2008 WL 598246 (E.D. Cal. Mar. 4, 2008). Here, the magistrate judge correctly finds that, because the arrest warrant was facially valid, the officers acted reasonably in relying on it. Findings at 13–15. Plaintiff has not presented any evidence to create a genuine dispute regarding whether defendants knew or should have known the warrant was invalid prior to its execution; therefore, defendants are entitled to summary judgment on plaintiff's unreasonable arrest claim.

### B. Plaintiff's Claim for Unreasonable Search of Home

The magistrate judge also correctly finds that defendants' entrance into plaintiff's home was not in violation of the Fourth Amendment because plaintiff gave his consent. *Katz v. United States*, 389 U.S. 347, 358 n.22 (1967) ("A search to which an individual consents meets Fourth Amendment requirements.") (citation omitted). Plaintiff has not provided any evidence to the contrary, and impliedly admits he gave the officers permission to enter his home to secure his animals. Pl.'s Objs. to Findings & Recommendations ("Objections"), ECF No. 90 at 4 (written in

margin).[1] Plaintiff argues the officers proceeded to search his house once inside, *id.*, but provides no evidence of this; he also does not dispute that "nothing was seized from the cabin except the personal items Plaintiff requested." Defs.' Mot. for Summ. J., ECF No. 43 at 23–24. As such, there is no genuine dispute of material fact requiring trial of plaintiff's claim that defendants violated the Fourth Amendment by searching his home. Summary judgment on this question is GRANTED. *See* Fed. R. Civ. P. 56(c).

   C. <u>Plaintiff's Claim for Unreasonable Search of Land</u>

     1. <u>*Heck v. Humphrey* Application</u>

As to the search of plaintiff's land, plaintiff's Fourth Amendment claim is not precluded by *Heck v. Humphrey* in light of the dismissal of the previously pending misdemeanor charges, noted above. Because plaintiff has not suffered a criminal conviction, and is not facing pending criminal charges, plaintiff's § 1983 claim is not barred by *Heck*.

     2. <u>Fourth Amendment Claim</u>

Reaching the merits of the pending motion with respect to the Fourth Amendment claim, then, the court adopts the magistrate judge's finding that the search of plaintiff's land was not a violation of the Fourth Amendment, because plaintiff does not have a constitutionally protected reasonable expectation of privacy in the open fields he claims defendants searched. Findings at 10 (citing *Hester v. United States*, 265 U.S. 57 (1924)); *see also Oliver v. United States*, 466 U.S. 170, 178 (1984) ("[A]n individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home.").

Summary judgment on this claim is GRANTED.

/////

/////

---

[1] "Plaintiff objects to magistrates [sic] contention that by giving warden permission to secure my animals that my claim is foreclosed on any claim of unreasonable search of my cabin. Giving permission to secure animals is not permission to search. Wardens did not just take notice of what could clearly be seen in my cabin, but actually continued their search inside by picking up objects . . . ." Objs., ECF No. 90 at 4.

4

III.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The amended findings and recommendations, filed December 4, 2017, are ADOPTED to the extent they are consistent with this order; and

2. The motion for summary judgment by defendants Boyd and Little (ECF No. 43) is GRANTED.

DATED: February 27, 2019.

_____
UNITED STATES DISTRICT JUDGE